MEDLIN v. SAFEWAY STORES, Inc.

No. 31696.    April 17, 1945.

*157 P. 2d 907.*

W. L. Shiry, of Bartlesville, for plaintiff in error.

Martin, Logan, Williams & Boesche and Richard P. Ryan, all of Tulsa, for defendant in error.

CORN, J.    The plaintiff brought this action in the court of common pleas of Tulsa county to recover overtime wages, liquidated damages and attorney's fees alleged to be due him under sections 7 and 16 of the Fair Labor Standards Act of 1938 (29 U.S.C.A. §§ 207 and 216) for the period from February 8, 1940, to March 31, 1942.

Although the defendant set up several defenses, the court submitted only one to the jury, to wit, that the plaintiff was employed in a bona fide executive capacity and therefore was not subject to the provisions of the act. The jury returned a verdict for the defendant, and the court rendered judgment thereon accordingly. For convenience the parties will be referred to herein as they appeared in the trial court.

The sole question presented by this appeal is stated in the following proposition:

The court erred in overruling plaintiff's demurrer to the evidence of the defendant, because said defendant did not prove, by any competent evidence, that said plaintiff was employed in a bona fide executive capacity, as such terms are defined and delimited by regulations of the administrator, and therefore exempt from the applicability of the provisions relating to the recovery of unpaid overtime compensation.

The exemption relied upon by the defendant as a defense to the action is contained in section 13 (a) of the act, which reads as follows:

"The provisions of Sections 206 and 207 of this title shall not apply with respect to (1) any employee employed in a bona fide executive, administrative, professional, or local retailing capacity, or in the capacity of outside salesmen (as such terms are defined and delimited by regulations of the Ad-

ministrator); or (2) any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce; . . ."

The regulations of the administrator referred to in the above-quoted section of the act, as amended October 12, 1940, and under which the parties hereto operated, are found in title 29, ch. V. Code of Fed. Reg., Part 541, page 8603, (1942 WH Man 804) and are as follows:

"Sec. 541. 1—Executive. The term 'employee employed in a bona fide executive . . . capacity' in Section 13 (a) (1) of the Act shall mean any employee —

"(a) Whose primary duty consists of the management of the establishment in which he is employed or of a customarily recognized department or subdivision thereof, and

"(b) Who customarily and regularly directs the work of other employees therein, and

· "(c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight, and

"(d) Who customarily and regularly exercises discretionary powers, and

"(e) Who is compensated for his services on a salary basis at not less than $30 per week (exclusive of board, lodging, or other facilities) and

"(f) Whose hours of work of the same nature as that performed by non-exempt employees do not exceed 20 per cent of the number of hours worked in the workweek by the nonexempt employees under his direction: Provided, That this paragraph shall not apply in the case of an employee who is in sole charge of an independent establishment or a physically separated branch establishment."

The issue raised by the plaintiff requires an examination of the record in order to determine whether there is any competent evidence therein which rea-sonably supports the verdict and judgment.

The plaintiff, in presenting his demurrer to the defendant's evidence, admitted the truth of all of the evidence introduced and all of the facts which it tended to establish, as well as every fair and reasonable inference, and should be overruled unless the evidence and all inferences which the jury could reasonably draw therefrom are insufficient to support the verdict for the defendant. Pure Oil Co. v. Gear et al., 183 Okla. 489, 83 P. 2d 389.

The evidence shows:

(a) That the plaintiff was night foreman at the defendant's warehouse, and had supervision of the men and the work during the night shift, and had authority to do whatever was necessary to operate the same.

(b) That he directed the work of the other employees and was responsble for the conduct of these operations while he had charge of it.

(c) That he had authority to hire and fire other employees, but had no occasion to exercise this authority during the time in question, except the hiring of extra help when needed. That his suggestions and recommendations as to hiring or firing and as to advancement and promotion or any other change of status of other employees would have been given particular weight.

(d) That he customarily and regularly exercised discretionary powers in the matter of accepting or rejecting merchandise, and in determining when additional merchandise was needed; that he checked and controlled refrigeration in the cold storage and directed the filling of orders for the stores served by the warehouse.

(e) It was stipulated that he was paid more than $30 per week, exclusive of board, lodging and other facilities.

(f) That plaintiff spent from 15 per

cent to not more than 20 per cent of his time doing the same type of work as other men employed in the warehouse at night. That the percentage was determined by calculation as to the amount of time he should give to that kind of work after performing his regular duties as foreman.

Upon the showing made by the defendant in the record we consider the evidence sufficient to bring the plaintiff within the above definition provided by the Regulations of the Administrator to be applied in the administration of the act. It is not within our province to go beyond the above prescribed definition in determining whether or not he was employed in a bona fide executive capacity, as it is laid down by the proper authority as a guide in determining who is entitled to the benefits of the act.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and ARNOLD, JJ., concur.